UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 5:10-75-KSF-4

UNITED STATES OF AMERICA,                                                         PLAINTIFF,

V.          **MAGISTRATE JUDGE'S REPORT
              & RECOMMENDATION**

EVERETT WALTER BOLLING,                                                          DEFENDANT.

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Everett Walter Bolling's, ("Bolling"), *pro se* Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. [Record No. 138]. Consistent with local practice, the matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Having been fully briefed, and for the reasons discussed below, it is recommended that Bolling's motion be granted in part and denied in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 15, 2010, Bolling and four (4) co-defendants were indicted in United States District Court on charges including conspiring to distribute crack cocaine and distributing cocaine between January 2008 and May 1, 2010. [Record No. 1]. Following Bolling's Motion for Rearraignment, Bolling pled guilty to Counts 1 and 8 of the indictment pursuant to a plea agreement on October 7, 2010. [Record Nos. 67, 71, & 72]. The Court accepted the agreement reached between the United States and Bolling in which Bolling waived his right to appeal and collaterally attack his guilty plea, conviction, and sentence, unless the Court sentenced Bolling to

a term of imprisonment above the guideline range. [Record No. 72, at 5 & 7]. Accordingly, Bolling was convicted of conspiracy to distribute fifty (50) grams or more of crack cocaine in violation of 21 U.S.C. § 846 and distribution of a substance containing cocaine in violation of 21 U.S.C. § 841(a)(1). [Record Nos. 1, 71, & 118]. Bolling was sentenced on January 13, 2011 to 132 months imprisonment, followed by five (5) years of supervised release. [Record Nos. 111 & 118].

Bolling did not originally appeal his plea, conviction, or sentence. [Record No. 138, at 2]. On September 10, 2012, Bolling filed the instant motion seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record No. 138]. Bolling states the following two (2) grounds for relief: (1) the Court lacked subject matter jurisdiction to convict or sentence Bolling because the activity for which he was convicted took place entirely within Kentucky and not on federal territory and therefore is not an activity Congress can properly regulate under the Commerce Clause; and (2) Bolling should be resentenced pursuant to the Fair Sentencing Act of 2010. [Record No. 138, at 2-10]. For the reasons that follow, Bolling's first ground for relief should be denied, but his second claim of relief should be granted and set for a hearing for the purpose of resentencing.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2255, to successfully challenge conviction, a movant must establish either an error of constitutional magnitude which had a substantial injurious influence on the proceedings or a mistake of fact or law that was so fundamental as to result "in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." Walton v. United States, 165 F.3d 486, 488 (6th Cir. 1999) (internal citations and quotation omitted). Additionally, claims other than ineffective assistance of counsel must have been

brought on direct appeal or are otherwise procedurally defaulted. Bousley v. United States, 523 U.S. 614, 621 (1998); Peveler v, United States, 269 F.3d 693, 698 (6th Cir. 2001); Phillip v. United States, 229 F.3d 550, 552 (6th Cir. 2000). In order to overcome procedural default, the petitioner must show cause excusing his previous failure to raise the claim and actual prejudice which would result in a fundamental miscarriage of justice if review is withheld. Bousley, 523 U.S. at 622-23 (citations omitted); Peveler, 269 F.3d at 698-700; Phillip, 229 F.3d at 552. However, "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived. Consequently, defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court." United States v. Cotton, 535 U.S. 625, 630 (2002) (citations omitted).

### III. ANALYSIS

#### A. SUBJECT MATTER JURISDICTION CLAIM

Bolling argues that the activities for which he was convicted were purely local in nature and did not take place in a federal territory. [Record No. 138, at 2-9]. Additionally, Bolling claims that "no commodities [were] involved nor can any evidence be given to establish an interstate market for the activities involved let alone that the activities involved would undercut the regulation thereof." [Record No. 138, at 6]. Therefore, according to Bolling, the statutes under which he was convicted are outside of Congress' constitutional powers and an intrusion on the state police power. [Record No. 138, at 6-9]. Consequently, Bolling claims this Court lacked subject matter jurisdiction to convict him. [Record No. 138, at 6-9].

The government counters that, in his plea agreement, Bolling waived the right to appeal or collaterally attack his plea and conviction and therefore, Bolling should be precluded from bringing this claim. [Record No. 141, at 2-6]. Further, the government argues that this claim has

3

been procedurally defaulted as Bolling has previously failed to raise a subject matter jurisdiction argument. [Record No. 141, at 6-7]. Finally, the government argues that the claim fails on the merits as "[s]tatutory and case law make is absolutely clear that a defendant who violates federal drug law may be prosecuted in federal court" regardless of where the crime is committed. [Record No. 141, at 7-8].

While a defendant can waive personal constitutional rights, such a waiver cannot, in effect, confer jurisdiction to a court if a court does not have jurisdiction to adjudicate the case. United States v. Cotton, 535 U.S. 625, 630 (2002); *see also* United States v. Titterington, 374 F.3d 453, 458-60 (6th Cir. 2004). Further, subject matter jurisdiction claims can be raised for the first time at any point during adjudication. Cotton, 535 U.S. at 30; Titterington, 374 F.3d at 458. Therefore, while Bolling validly waived his right to appeal or collaterally attack his plea and conviction, the waiver in his plea agreement did not waive the requirement that the Court have subject matter jurisdiction over Bolling's case. Additionally, his failure to raise the issue previously does not cause the claim to be procedurally defaulted as a subject matter jurisdiction claim can be brought at any point during a case. Accordingly, the merits of Bolling's claim must be considered.

In Gonzales v. Raich, the Supreme Court considered the constitutionality of the Controlled Substances Act, 91 PL 513, 21 U.S.C. § 801 *et seq*. 545 U.S. 1 (2005). The Court articulated Congress' power under the Commerce Clause in relation to local activities,

> Our case law firmly establishes Congress' power to regulate purely local activities that are part of an economic "class of activities" that have a substantial effect on interstate commerce. *See*, *e.g.,* Perez v. United States, 402 U.S. 146, 151, 28 L. Ed. 2d 686, 91 S. Ct. 1357 (1971); Wickard v. Filburn, 317 U.S. 111, 128-129, 87 L. Ed. 122, 63 S. Ct. 82 (1942). As we stated in Wickard, "even if appellee's activity be local and though it may not be regarded as commerce, it may still, whatever its nature, be reached by Congress if it exerts a substantial economic effect on interstate commerce." Id., at 125, 87 L. Ed. 122, 63 S. Ct. 82. We have

4

>never required Congress to legislate with scientific exactitude. When Congress decides that the "'total incidence'" of a practice poses a threat to a national market, it may regulate the entire class. See <u>Perez</u>, 402 U.S. at 154-155, 28 L. Ed. 2d 686, 91 S. Ct. 1357 (quoting <u>Westfall v. United States</u>, 274 U.S. 256, 259, 71 L. Ed. 1036, 47 S. Ct. 629 (1927) ("[W]hen it is necessary in order to prevent an evil to make the law embrace more than the precise thing to be prevented it may do so")). In this vein, we have reiterated that when "'a general regulatory statute bears a substantial relation to commerce, the *de minimis* character of individual instances arising under that statute is of no consequence.'" *E.g.,* <u>United States v. Lopez</u>, 514 U.S. 549, 558, 131 L. Ed. 2d 626, 115 S. Ct. 1624 (1995) (emphasis deleted) (quoting <u>Maryland v. Wirtz</u>, 392 U.S. 183, 196, n. 27, 20 L. Ed. 2d 1020, 88 S. Ct. 2017 (1968)).

<u>Id.</u>, at 17. The Court went on to describe the Controlled Substances Act as "a statute that regulates the production, distribution, and consumption of commodities for which there is an established, and lucrative, interstate market." <u>Id.</u>, at 26. Further, "[p]rohibiting the intrastate possession or manufacture of an article of commerce is a rational (and commonly utilized) means of regulating commerce in that product." <u>Id.</u> (footnote omitted). Therefore, Supreme Court found the Controlled Substances Act's regulation of individuals engaged in purely local activities acceptable because of the aggregate effect of the illegal drug trafficking market on the national market. <u>Id.</u>, at 15-33.

The Supreme Court's analysis in <u>Raich</u> undermines Bolling's subject matter jurisdiction claim. The statutes under which Bolling was convicted were originally enacted as part of the Controlled Substances Act. *See* 21 U.S.C. §§ 841 & 846; 91 PL 513, Title II, Part D, §§ 401 & 406. While Bolling may have been engaged in purely local activities, the aggregate effect of the illegal drug trafficking market brought regulation of intrastate activities under Congress' Commerce Clause power. Further, cocaine and crack cocaine are commodities, as they are "article[s] of trade or commerce" or "economic good[s]." BLACK'S LAW DICTIONARY 267 (7th ed. 1999). Bolling's activities were economic as they related to "the production, *distribution*, and consumption of commodities." Webster's Third New International Dictionary 720 (1966)

5

(emphasis added), quoted in Raich, 545 U.S. at 26. Therefore, as found by the Supreme Court, Congress was within its power to enact the Controlled Substances Act, including 21 U.S.C. §§ 841 and 846, which Bolling was convicted of violating. Under 18 U.S.C. § 3231, federal district courts are granted jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. § 3231. Accordingly, this Court had subject matter jurisdiction to adjudicate Bolling's case, and his claim for relief fails.

### B. FAIR SENTENCING ACT CLAIM

Congress enacted the Fair Sentencing Act, ("FSA"), to reduce the sentencing disparity between offenses involving powdered cocaine and crack cocaine. Dorsey v. United States, 132 S.Ct. 2321, 2328-29 (2012). The FSA increased the amounts of crack cocaine triggering the five (5) and ten (10) year mandatory minimums from five (5) grams to twenty-eight (28) grams and from fifty (50) to 280 grams respectively. Id.; *see also* 21 U.S.C. § 841(b)(1)(A)(iii) & (B)(iii). The FSA went into effect on August 3, 2010. In Dorsey v. United States, the Supreme Court held that "Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-[FSA] sentencing of pre-[FSA] offenders." Dorsey, 132 S.Ct. at 2335. Dorsey made the mandatory minimums of the FSA applicable retroactively to all defendants sentenced after August 3, 2010, even if the offense was committed before the FSA took effect. Id., at 2335-36.

Bolling committed the acts for which he was convicted between January 2008 and May 1, 2010, before the FSA was enacted. However, on January 13, 2011, after the FSA was enacted, Bolling was sentenced to 132 months imprisonment followed by five (5) years supervised release, based on the pre-FSA ten (10) year mandatory minimum of fifty (50) grams of crack cocaine. Under Dorsey, Bolling is entitled to be resentenced based on the mandatory minimums as contained in the FSA, under which Bolling is subject to a five (5), not ten (10), year

mandatory minimum. Dorsey, 132 S.Ct. at 2335-36; 21 U.S.C. § 841(b)(1)(A)(iii) & (B)(iii). Therefore, this matter should be set for a hearing for the purpose of resentencing Bolling according to the mandatory minimums set forth in the FSA.

## IV. CONCLUSION

Having considered the matter fully and for the reasons stated above,

IT IS RECOMMENDED that Defendant Bollings's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Record No. 138] be GRANTED IN PART AND DENIED IN PART. This matter should be set for a hearing for the purpose of resentencing Bolling in accordance with the Fair Sentencing Act. All other grounds for relief requested should be DENIED.

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Report and Recommendation. Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Ann, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller V. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed January 3, 2013.



Signed By:
Edward B. Atkins
United States Magistrate Judge