UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Case No. |
| Plaintiff, ) | 5:10-75-JMH-EBA |
| ) | |
| v. ) | Civil Case No. |
| ) | 5:12-cv-7236-KSF-EBA |
| EVERETT WALTER BOLLING, ) | |
| ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. ) | |

\*\*\*

This matter is before the Court upon the Motion of Defendant Everett Walter Bolling, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct a sentence [DE 138]. Consistent with local practice, this matter was referred to the United States Magistrate Judge for consideration. After reviewing *de novo* the Magistrate Judge's Report and Recommendation [DE 143], Defendant's Objections [DE 144], and Defendant's Rule 16 Supplement [DE 145], this Court **ACCEPTS** and **ADOPTS** the decision of the Magistrate Judge as the opinion of the Court, with the exception of the factual error identified in footnote 1 below; **GRANTS** Defendant's motion to vacate to the extent that Defendant shall be resentenced in accordance with the Fair Sentencing Act; and **DENIES** Defendant's motion in all other respects.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to a plea agreement with the United States, on October 7, 2010, Defendant pled guilty to one count of distribution of fifty grams or more of a substance containing a detectable amount of cocaine base (crack cocaine) in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846 (Count One of the Indictment), and one count of distribution of a substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1) (Count Eight of the Indictment) [DE 1, 71]. As alleged in the Indictment, the conduct to which Defendant pled guilty began on or about January 1, 2008, and continued through on or about May 1, 2010, the exact dates unknown (Count One), and on or about December 17, 2009 (Count Eight) [DE 1]. Pursuant to 21 U.S.C. § 851, the United States filed notice regarding Defendant's prior felony drug convictions, subjecting Defendant to an enhanced sentence pursuant to 21 U.S.C. § 841(a)(1) [DE 23]. At Defendant's rearraignment, the Court accepted the plea agreement reached between the United States and Defendant in which Defendant waived his right to appeal and collaterally attack his guilty plea, conviction, and sentence, unless the Court sentenced Defendant to a term of imprisonment above the Guideline range [DE 71, 72]. On January 13, 2011, Defendant was sentenced to 132 month of imprisonment on Count One and 35 months of

2

imprisonment on Count 8, to be served concurrently for a total term of 132 months imprisonment, followed by a term of 5 years of supervised release on each count to be served concurrently, for a total term of 5 years [DE 111, 118].

On September 10, 2012, Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255 [DE 138] in which he argues that he is entitled to relief on two grounds: (1) the Court lacked subject matter jurisdiction to convict or sentence Defendant because the activity for which he was convicted took place entirely within Kentucky and not in a federal territory and, therefore, is not an activity that Congress may properly regulate under the Commerce Clause of the United States Constitution; and (2) he should receive the benefit of the changes made to the crack cocaine quantities necessary to trigger the mandatory minimums contained in 21 U.S.C. § 841 by the Fair Sentencing Act of 2010 (the "FSA"), which became effective on August 3, 2010.

## II. MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Reviewing the record and the applicable law, the Magistrate Judge concluded that Defendant's subject matter jurisdiction claim fails and, accordingly, cannot afford Defendant a basis for relief under § 2255. The Magistrate Judge first considered the United States' arguments that Defendant waived the right to appeal or collaterally attack his plea and conviction and is,

3

thus, precluded from raising this argument in a § 2255 motion and, also, that Defendant should be precluded from raising this claim as a procedural matter because he failed to raise the issue at sentencing or on appeal. However, the Magistrate Judge rejected these arguments, noting that the requirement that the Court have subject matter jurisdiction over a case may not be waived and that the issue of subject matter jurisdiction may be raised for the first time at any point during adjudication. *United States v. Cotton*, 535 U.S. 625, 630 (2002); *United States v. Titterington*, 374 F.3d 453, 458-60 (6th Cir. 2004).

The Magistrate Judge then turned to the merits of Defendant's subject matter jurisdiction argument. Specifically, the Magistrate Judge considered Defendant's arguments that the statutes under which he was convicted are outside of Congress' constitutional powers and are an intrusion on the state police power because the activities for which he was convicted were purely local in nature and did not take place in a federal territory and that, because neither commodities nor an interstate market are involved, Defendant's activities do not implicate the Commerce Clause. However, the Magistrate Judge found that Defendant's arguments are undermined by the analysis of the United States Supreme Court in *Gonzales v. Raich*, 545 U.S. 1 (2005). In *Raich*, the Court noted that "even if appellee's activity be local and though it may not be regarded

as commerce, it may still, whatever its nature, be reached by Congress if it exerts a substantial economic effect on interstate commerce." *Id*. at 17 (quoting *Wickard v. Filburn*, 317 U.S. 111, 125 (1942)). Thus, in *Raich*, the Court found that regulating the cultivation of marijuana, even that grown only for home consumption, "is squarely within Congress' commerce power because production of the commodity meant for home consumption...has a substantial effect on supply and demand in the national market for that commodity." *Id*. at 19. Further, the Court described the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. as "a statute that regulates the production, distribution, and consumption of commodities for which there is an established, and lucrative, interstate market" and noted that the activities regulated by the CSA are "quintessentially economic." *Id*. at 25-26. Thus, relying on *Raich*, the Magistrate Judge found that, even if Defendant was only engaged in "local" activities, the aggregate effect of the illegal drug trafficking market brought regulation of intrastate activities under Congress' Commerce Clause power. Accordingly, the Magistrate Judge found that Congress was within its power to enact the CSA, including 21 U.S.C. §§ 841 and 846, which Defendant was convicted of violating. Because 18 U.S.C. § 3231 grants federal district courts jurisdiction over "all offenses against the laws of the United States," the Magistrate Judge

found that this Court has subject matter jurisdiction to adjudicate Defendant's case.

With respect to Defendant's FSA claim, the Magistrate Judge noted that Congress enacted the FSA to reduce the sentencing disparity between offenses involving powdered cocaine and crack cocaine. Specifically, the FSA increased the drug quantities necessary to trigger mandatory minimum sentences under 21 U.S.C. § 841(b). Prior to August 3, 2010, the effective date of the FSA, the amount of cocaine necessary to bring the statutory mandatory minimum sentences into play was based on a 100:1 ratio of crack vs. powder cocaine. For crack cocaine, the FSA increased the amount required to trigger 21 U.S.C. § 841(b)(1)(A)'s mandatory life sentence from 50 to 280 grams. Thus, under the FSA, Defendant would no longer be subject to a mandatory minimum sentence of life imprisonment as to Count One, his more significant charge. Rather, as to Count One, his mandatory minimum sentence would be ten years imprisonment under 21 U.S.C. § 841(b)(1)(B).[1]

---

[1] In his Report & Recommendation, the Magistrate Judge states: "[O]n January 13, 2011, after the FSA was enacted, Bolling was sentenced to 132 months imprisonment followed by five (5) years supervised release, based on the pre-FSA ten (10) year mandatory minimum of fifty (50) grams of crack cocaine. Under *Dorsey*, Bolling is entitled to be resentenced based on the mandatory minimums as contained in the FSA, under which Bolling is subject to a five (5), not ten (10), year mandatory minimum." However, these pre- and post-FSA mandatory minimums stated by the Magistrate Judge are incorrect.

6

In *Dorsey v. United States*, 132 S.Ct. 2321, 2335 (2012), the Supreme Court held that "Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." Thus, the FSA applies to offenders who, like Defendant, committed a crack cocaine offense before August 3, 2010, the effective date of the FSA, but were not sentenced until after August 2, 2010. *Id*. Accordingly, the Magistrate Judge concluded that Defendant is entitled to be resentenced under the FSA.

## III. ANALYSIS

Defendant filed objections to the Magistrate Judge's Report & Recommendation on January 25, 2013 [DE 144], followed by a "Rule 16 Supplement" on June 19, 2013 [DE 145]. This Court must make a *de novo* determination of those portions of the Magistrate Judge's Recommended Disposition to which objection is made. 28 U.S.C. § 636(b)(1)(c). Ultimately, the Court agrees with the Magistrate Judge that the Court has subject matter jurisdiction over Bolling's case, regardless of whether the activities for which Defendant was convicted were purely local in nature and did not take place in an exclusively federal territory. The Court also agrees that, in light of *Dorsey*, the Defendant is entitled to be resentenced under the FSA. Thus, for the reasons set forth more fully by the Magistrate Judge in his Report & Recommendation, Defendant's § 2255 motion will be granted to the

In *Dorsey v. United States*, 132 S.Ct. 2321, 2335 (2012), the Supreme Court held that "Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." Thus, the FSA applies to offenders who, like Defendant, committed a crack cocaine offense before August 3, 2010, the effective date of the FSA, but were not sentenced until after August 2, 2010. *Id*. Accordingly, the Magistrate Judge concluded that Defendant is entitled to be resentenced under the FSA.

## III. ANALYSIS

Defendant filed objections to the Magistrate Judge's Report & Recommendation on January 25, 2013 [DE 144], followed by a "Rule 16 Supplement" on June 19, 2013 [DE 145]. This Court must make a *de novo* determination of those portions of the Magistrate Judge's Recommended Disposition to which objection is made. 28 U.S.C. § 636(b)(1)(c). Ultimately, the Court agrees with the Magistrate Judge that the Court has subject matter jurisdiction over Bolling's case, regardless of whether the activities for which Defendant was convicted were purely local in nature and did not take place in an exclusively federal territory. The Court also agrees that, in light of *Dorsey*, the Defendant is entitled to be resentenced under the FSA. Thus, for the reasons set forth more fully by the Magistrate Judge in his Report & Recommendation, Defendant's § 2255 motion will be granted to the

extent that Defendant is entitled to be resentenced under the FSA and denied in all other respects.

Defendant's objections to the Magistrate Judge's Recommended Disposition are unavailing. In his objections, Defendant addresses the Magistrate Judge's conclusion that this Court has subject matter jurisdiction over his case. Defendant first objects that the Magistrate Judge "claims" that "Bolling waived the right to appeal or collaterally attack his plea and conviction and therefore, Bolling should be precluded from bringing this claim" [DE 144]. Defendant also states that the Magistrate Judge's report states that "[f]urther, the government argues that his claim has been procedurally defaulted as Bolling failed to raise a subject matter jurisdiction argument" [*Id.*]. However, in both of these instances, the Magistrate Judge was simply re-stating the United States' arguments that Defendant should be precluded from raising a subject matter jurisdiction claim because that claim had been waived and because of procedural default. In fact, the Magistrate Judge rejected the United States' argument and considered the merits of Defendant's subject matter jurisdiction claim. Thus, Defendant's objections to these statements by the Magistrate Judge are misplaced.

Next, Defendant addresses the Magistrate Judge's finding on the merits of Defendant's subject matter jurisdiction claim. Defendant argues that, although the Judiciary Act, 28 U.S.C. §

1331 *et seq.*, grants federal district courts authority to hear various types of cases, "not one section of the entire chapter provides the district court with criminal jurisdiction yet every section of Chapter 28 specifically provides for civil jurisdiction" [*Id.*]. However, Defendant overlooks 18 U.S.C. § 3231, which provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C.A. § 3231. The laws that Defendant pled guilty to violating, 21 U.S.C. § 841 and § 846, are laws of the United States. Thus, this Court has jurisdiction over Defendant's criminal case under federal law.

Moreover, the Court agrees with the Magistrate Judge that Congress' enactment of the CSA, including 21 U.S.C. §§ 841 and 846, was a proper exercise of Congress' Commerce Clause power. *See Gonzales v. Raich*, 545 U.S. 1, 15-33 (2005). Bolling insists that, in order for marijuana, cocaine, or cocaine base to be a "commodity" or to "substantially affect commerce" for purposes of being subject to regulation pursuant to the Commerce Clause, these substances must be sold in the open markets, traded on Wall Street, or otherwise be part of "the national commerce" [DE 144 at 4]. Nonetheless, in his objections, Boling concedes that the CSA's enactment was a proper exercise of Congress' Commerce Clause power as set forth by the Magistrate

9

Judge, [*see* DE 144 at 4], only to argue in turn that the CSA's reach is limited to those crimes committed, as the Court understands his argument, in exclusively federal territory or territories where there is a specific concurrent jurisdiction between the federal government and a state government. The Court will not tarry long with this argument as, first, there is no dispute that this nation operates on the principal of dual sovereignty as to the federal and state governments and, second, Article VI of the United States Constitution makes it clear that the "Laws of the United States which shall be made in Pursuance [of the Constitution] . . . shall be the supreme Law of the Land." That land includes the Commonwealth of Kentucky, in which the Eastern District of Kentucky exists. As Bolling does not contest that the CSA was enacted as a proper exercise of the powers reserved to Congress under the Constitution, he fails to demonstrate that CSA does not apply in this instance and that, somehow, the Court does not have jurisdiction.

Bolling states no objections to the Magistrate Judge's Report and Recommendation with respect to the analysis under FSA, and the Court agrees with the Magistrate Judge's analysis, as well. Since Bolling committed the acts for which he was convicted between January 2008 and May 1, 2010, before the FSA was enacted, but was sentenced after the FSA was enacted based on the pre-FSA mandatory minimum, he is entitled under *Dorsey v.*

*United States*, 132 S. Ct. 2321, 2328-29 (2012), to be resentenced based on the mandatory minimums as contained in the FSA.

Accordingly, **IT IS ORDERED:**

(1) that the Magistrate Judge's Report and Recommendation is **ACCEPTED AND ADOPTED IN PART** and **REJECTED** in part as set forth above;

(2) that Defendant Bolling's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [DE 138] is **GRANTED IN PART** and **DENIED IN PART**. This matter will be set for a hearing for the purpose of resentencing Bolling in accordance with the Fair Sentencing Act. All other grounds for relief requested are **DENIED**.

This the 26th day of February, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge